<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| JEFFREY WITT, | : | |
| | : | |
| | : | Civ. No. 15-8773(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| JORDAN HOLLINGSWORTH, | : | |
| | : | |
| Respondent. | : | |

---

**BUMB**, United States District Judge

This matter comes before the Court upon Respondent's letter request (ECF No. 5) to dismiss the present habeas petition as moot. In his § 2241 habeas petition, Petitioner sought immediate transfer to a Residential Reentry Center. He was subsequently transferred to Residential Reentry Center on January 13, 2016. Therefore, this case no longer presents an actual controversy. See <u>Burkey v. Marberry</u>, 556 F.3d 142, 147 (3d Cir. 2009) (under Article III of the Constitution, the case and controversy requirement means that throughout the litigation, the plaintiff "'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" (quoting <u>Spencer v. Kemna</u>, 523

U.S. 1, 7 (1998) (quoting <u>Lewis v. Continental Bank Corp</u>., 494 U.S. 472, 477 (1990)).

    For the reasons discussed above, the Court will dismiss Petitioner's habeas petition as moot in the accompanying Order filed herewith.

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**

**Dated:** <u>February 16, 2016</u>